UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ANNA JONES, | ) |
| | ) |
|     Plaintiff | ) **Case No.:** |
| | ) |
|     v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| MIDLAND CREDIT MANAGEMENT, | ) |
| | ) |
|     Defendant | ) |

## COMPLAINT

ANNA JONES ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against MIDLAND CREDIT MANAGEMENT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the State of Alabama, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Muscle Shoals, Alabama.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 2365 Northside Drive, Suite 300 San Diego CA 92108.

8. Upon information and belief, Defendant is a corporation that provides call center, collections and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.     Upon information and belief, at all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt, related to a credit card debt that has since been paid off.

12.     Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly his could only have arisen from financial obligation for primarily personal, family or household purposes.

13.     Within the one year period preceding the filing of this Complaint and continuing through December 2015, Defendant placed repeated telephone calls to Plaintiff's cellular telephone in its attempts to collect an alleged debt.

14.     Upon initial contact, Plaintiff requested Defendant to cease all telephone related communications.

15.     Plaintiff repeatedly informed Defendant's collectors that she was on a fixed income, could not afford to make any payments towards that debt, and to stop contacting her.

16.     However, Defendant ignored Plaintiff's request and continued to call Plaintiff's cellular telephone several times a week, seeking to collect this alleged debt.

17.     Once Defendant was aware that Plaintiff did not want calls placed to her cellular telephone, Defendant's calls could only have been for the purpose of

harassment.

18. Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff for a debt she could not afford.

## COUNT I
## **DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA**

19. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. Defendant violated §§ 1692d and 1692d(5) when it caused Plaintiff's cellular telephone to ring repeatedly and continued to call after it had knowledge that the calls were unwanted.

WHEREFORE, Plaintiff, ANNA JONES, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ANNA JONES, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: September 13, 2016     By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff